IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 12-00314 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY |
| vs. | ) | ACTION SHOULD NOT BE |
| | ) | DISMISSED |
| UNITED STATES SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

Plaintiff Nick Spagnolo is ordered to address the issue of whether this action should be dismissed given the existence of an earlier lawsuit he filed, Civil No. 11-00353 DAE/RLP.

On June 2, 2011, Spagnolo, proceeding *pro se*, filed a lengthy and indecipherable complaint in Civil No. 11-0353 DAE/RLP with numerous extraneous exhibits. Spagnolo asserted claims for mishandling of benefits, refusal to proceed within government guidelines for Social Security Disability Insurance, payment miscalculation, and refusal to provide assistance regarding Social Security Act regulations. See Complaint, Civ. No. 11-00353 DAE/RLP, ECF No. 1, June 2, 2011. Spagnolo also filed an Application to Proceed Without Payment of Fees ("IFP Application"). See Application to Proceed Without Prepayment of Fees and Affidavit, Civ. No. 11-00353 DAE/RLP, ECF No. 2, June 2, 2011.

On June 17, 2011, Magistrate Judge Richard L. Puglisi issued his Findings and Recommendation, stating that Spagnolo's Complaint (1) violated Rule 8 of the Federal Rules of Civil Procedure, (2) did not properly allege jurisdiction, (3) did not cite to a specific administrative decision Spagnolo was challenging, and (4) did not demonstrate that he had exhausted his administrative remedies. See Order Reassigning Case and Findings and Recommendation That Plaintiff Be Given Leave to File Amended Complaint and That His Application to Proceed Without Payment of Fees Be Denied, Civ. No. 11-00353 DAE/RLP, ECF No. 6, June 16, 2011. Magistrate Judge Puglisi recommended that the District Judge allow the filing of an amended complaint to address these deficiencies. Id. After considering Spagnolo's objections, Judge David Alan Ezra adopted the Findings and Recommendation. See Order: (1) Denying Plaintiff's Objections to the Findings and Recommendation and (2) Adopting the Magistrate Judge's Findings and Recommendation, Civ. No. 11-00353 DAE/RLP, ECF No. 14, June 19, 2011. Accordingly, the original complaint was dismissed with leave to amend, and the IFP Application was denied with leave to refile.

In a subsequent set of confusing documents, Spagnolo "amended" his pleading and sought damages and relief for "underpayments." In the interest of making sense out of Spagnolo's filings, Magistrate Judge Puglisi construed Spagnolo's

2

Amended Pleading as including the Amended Pleading, ECF No. 13, Supplemental Pleading, ECF No. 16, and Amended Damages, ECF No. 18.  See Findings and Recommendation That Plaintiff's Second Application to Proceed Without Prepayment of Fees Be Denied and Plaintiff's Amended Pleadings Be Dismissed Without Leave to Amend, Civ. No. 11-00353 DAE/RLP, ECF No. 28, August 30, 2011.  On August 25, 2011, Spagnolo filed another IFP Application.  See Application to Proceed in District Court Without Prepaying Fees or Costs, Civ. No. 11-00353 DAE/RLP, ECF. No. 26, August 25, 2011.  On August 30, 2011, Magistrate Judge Puglisi issued Findings and Recommendations that Spagnolo's Amended Pleadings be dismissed without leave to amend and that Spagnolo's Second Application be denied.  See Findings and Recommendations Spagnolo's Second Application to Proceed Without Prepayment of Fees Be Denied and Plaintiff's Amended Pleadings Be Dismissed Without Leave to Amend, Civ. No. 11-00353 DAE/RLP, ECF No. 28, August 30, 2011.

On September 21, 2011, Judge Ezra issued an Order Adopting in Part and Modifying in Part the Findings and Recommendation.  Judge Ezra dismissed the Amended Pleading, but gave Spagnolo further leave to amend in light of his *pro se* status.  Judge Ezra directed Spagnolo to "clearly and coherently" follow enumerated guidelines for his amended complaint.  See Order: (1) Adopting in Part and Modifying in Part the Magistrate

Judge's Findings and Recommendations and (2) Denying As Moot Plaintiff's Motions, Civ. No. 11-00353, ECF No. 34, September 21, 2011. The order stated:

- Plaintiff's amended Complaint shall be [composed] of a single document.
- Plaintiff must succinctly and clearly state the dates of the state's [sic] adverse determinations he is challenging.
- Plaintiff must then state specifically when he sought reconsideration of those determinations.
- Plaintiff must next provide the dates he presented his complaints to an Administrative Law judge.
- Plaintiff must provide the dates on which he sought review of the Administrative Law judge's adverse decision before the Appeals Counsel.
- Plaintiff must finally provide the date in which the Appeals Counsel denied his requests for review.

Id. Judge Ezra gave Spagnolo 30 days to amend his complaint and file a new IFP Application, noting that "[a] failure to comply with any aspect of these directions will result in dismissal of these proceedings <u>with prejudice</u>." Id. When Spagnolo failed to timely amend his complaint, Judge Ezra adopted the Magistrate Judge's original Findings and Recommendations regarding the Amended Pleadings and dismissed the action with prejudice. See Order Adopting the Magistrate Judge's Findings and Recommendation, Civ. No. 11-00353, ECF No. 54, February 13, 2012.

On May 16, 2012, Spagnolo filed a lawsuit against both Judge Ezra and Magistrate Judge Puglisi for costs and special damages arising from delay in Spagnolo's original case, Civ. No. 11-00353. See Complaint, Civ. No. 12-00262 RLH/BMK, ECF No. 1, May 16, 2012.

On June 1, 2012, Spagnolo filed the present case. See Complaint, Civ. No. 12-00314 SOM/KSC, ECF No. 1, June 1, 2012. Id. This case appears to be what should have been filed by October 2, 2011, as an amended pleading, in the original case before Judge Ezra. The Complaint in this case asserts claims against the Social Security Administration for violation of the Social Security Act and seeks payment by the Social Security Administration of pay for allegedly missing benefits and damages. Id.

Because this case involves the same claims asserted in Spagnolo's original case, Civ. No. 11-00353, which was dismissed with prejudice, Spagnolo is ordered to show cause why this case should not be dismissed under the doctrine of *res judicata*. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two

suits arise out of the same transactional nucleus of facts.'" <u>Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000). The Ninth Circuit has held that two claims are the same when the evidence needed in the second action would be substantially the same as that required by the first action. <u>Feminist Women's Health Ctr. v. Codispoti</u>, 63 F.3d 863, 868 (9th Cir. 1995). "An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata*, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims." <u>In re Schimmels</u>, 127 F.3d 875, 884 (9th Cir. 1997).

In the present case, Spagnolo asserts claims that were raised or could have been raised in the previous action. These claims all concern Spagnolo's Social Security benefits and arise out of the "same transactional nucleus of facts." The court recognizes that, although his claims are the same, Spagnolo may be seeking damages for the time period after he filed the original complaint in the earlier case. However, the majority of Spagnolo's claims for relief stem from the same time period in the original suit. For example, Spagnolo attaches the same exhibits in both suits to support his claim that the Social Security Act was violated. <u>Compare</u> Complaint Exhibit 2 at 15, Civ. No. 11-00353 DAE/RLP, ECF No. 1, June 2, 2011, <u>with</u>

Complaint Exhibit 7, Civ. No. 12-00314 SOM/KSC, ECF No. 1, June 1, 2012. The Complaint for damages in this action is also supported by the same account monthly statements used in the original suit for the time period between October 2010 and May 2011. <u>Compare</u> Objections to Order Exhibit 18, Civ. No. 11-00353 DAE/RLP, ECF No. 9-18, June 27, 2011, <u>with</u> Complaint Exhibit 11, Civ. No. 12-00314 SOM/KSC, ECF No. 1, June 1, 2012. Spagnolo's claims for violation of the Social Security Act and prayer for damages for this alleged violation were both raised and dismissed with prejudice in the original action. Because the original action was dismissed with prejudice, Spagnolo is ordered to show cause why this second action should not be dismissed on *res judicata* grounds. In other words, Spagnolo is ordered to show cause why this case should be allowed to proceed when the claims asserted in this case either were or could have been asserted in the case that Judge Ezra dismissed with prejudice.

If Spagnolo is seeking damages solely for the time period after the original complaint was filed, an amended pleading may be required to make that clear. Spagnolo may respond to this Order to Show Cause in writing by Tuesday, July 3, 2012. Any response is limited to 9,000 words. A hearing on the Order to Show Cause Why Action Should Not Be Dismissed is scheduled for September 18, 2012 at 11:15 a.m. before this judge. If Spagnolo fails to timely respond to this Order to Show Cause,

the court may dismiss this action without holding a hearing.  If the court holds a hearing, Spagnolo may, if he so desires, appear by telephone.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, June 13, 2012.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

Spagnolo v. United States Social Security Administration; Civ. No. 12-00314 SOM; ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED.